FAJARDO, PLAINTIFF AND APPELLEE, *v.* FAJARDO, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in Mandamus Proceedings.

No. 2235.—Decided July 29, 1920.

MANDAMUS—EXAMINATION OF BOOKS.—There being in this case documentary evidence tending to show that the defendant had under his control, on the date on which the writ of mandamus was served, certain books which the court authorized the plaintiff to examine, the judgment will not be reversed on the plea that it was physically impossible to comply with the writ because on that date the said books were not in the defendant's custody.

ID.—COSTS—DISCRETION OF COURT.—When the evidence shows that the court below was justified in believing that the procedure followed by the defendant was dilatory and frivolous and did not show that he had made a real effort to comply with the order of the court authorizing the inspection of certain books which were in the possession of .said defendant, it can not be held that the court abused its discretion in imposing upon him the costs of the mandamus proceeding.

The facts are stated in the opinion.

*Messrs. A. Arnaldo* and *E. Ramírez Nadal* for the appellant.

*Messrs. Feliu & Alemañy* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On March 25, 1920, Luis A. Fajardo applied for a writ of mandamus to compel Mateo Fajardo, Jr., as president of the Central Eureka, Inc., to permit the inspection by petitioner through his agent Vicente Boscana or such other person as plaintiff might designate, of certain specified books and records kept by the said corporation.

An alternative writ was served on the defendant on March 26, 1920, commanding him to permit such inspection or else to appear and show cause on April 6, 1920, in the event of failure to comply with such order.

On March 29 the Central Eureka, through its president, the defendant herein, wrote the petitioner as follows:

"I was served with the writ of mandamus on the 26th instant.

"As regards you personally, the petition for mandamus is unnecessary since at no time or place have you been deprived of the right to examine all the documents, books and papers of the corporation, without any restriction whatsoever.

"We were of the opinion that you were not entitled to appoint an agent or attorney in fact to represent you in the premises and it was in keeping with this opinion that I addressed you my letter of the 23rd instant.

"As soon as I was served with notice of the writ of mandamus I took the matter up with the other directors of the corporation who were in this city at the time, and it having been resolved to comply with the order made, I beg to inform you that three days after the 26th and during office hours, Mr. Boscana, or any other person you may appoint, will be permitted to inspect all the books of the Central Eureka, Inc.

"As to you, no authorization is necessary to enable you to examine the said books since they have always been at your disposal.

"However, since this is a matter involving a writ of mandamus, I place at your disposal all the documents and papers of the corporation as outlined in the writ of mandamus during the hours that you may fix."

On April 6 defendant filed a motion in terms as follows:

"Comes now the defendant in the above entitled case and respectfully alleges:

"That on May 29th last he sent the plaintiff a letter as set out under letter *A* agreeing to comply with the writ of mandamus; and immediately gave instructions to the employees and officers of the corporation to place at the disposal of Luis A. Fajardo, Boscana, or of the persons who might accompany them, all the books to be found in the offices and departments of the Central Eureka during secular days.

"That the week comprised between March 28 and April 3 was a vacation period and the Central Eureka Company did not open its offices during such time.

"That Mateo Fajardo Cardona left for the United States on March 17 to represent the company in the sale of its interests to an American corporation, and that as the trip was hurriedly arranged he was prevented from taking along certified statements from the secretary to show the purchaser the financial conditions of the Central Eureka.

"That in view of the necessity of the said trip, in which Mr. Fajardo accompanied Mr. Grief, with whose aid Mr. Fajardo was confident that the sale of the Central Eureka would be facilitated, and seeing that it was impossible to take along the necessary documents, Mateo Fajardo, with the approval of the other directors and the knowledge of all, took the necessary books with him to show the financial conditions of the Central.

"That for the purpose of complying with the writ of mandamus the defendant transmitted a cable to Mateo Fajardo, whose cable address in New York is 'Oetan,' requesting him to send along all the books of the Central that he had taken with him and that were in his possession.

"A copy of said cablegram is attached under letter *B* and a receipt for the cost of its transmission under letter *C*.

"The defendant has exhibited to the plaintiff the *colono's* account books, mortgage book, stock ledger, stock transfer journal, canes accounts, contract books, deeds and mortgages and papers in the possession of the Company, but not the minute book, trial balances, 'Colonias' and ledgers with their auxiliaries, which are in the possession of Mateo Fajardo.

"The defendant is in all things willing to comply and has complied with the writ of mandamus.

"Mateo Fajardo will reach this city at any moment and will bring with him all the books he took along, which books together with all others in existence he agrees to and does place at the disposal of the plaintiff for their examination and inspection.

"Wherefore,

"He prays the court to hold that the writ of mandamus issued in this case has been complied with and to refuse to issue the peremptory writ prayed for, inasmuch as the order has been complied with.—(sd.) M. Fajardo, Jr.

"I, Mateo Fajardo, Jr., upon oath depose and say:

"That I am the person designated as defendant in this proceeding of mandamus; that I have read the foregoing statement and that the facts therein set forth are true and known to me personally.—(sd.) M. Fajardo, Jr.

"Subscribed and sworn to before me by Mateo Fajardo, Jr., of age, single, landowner and resident of this city, personally known to me.—I attest.—Done at Mayagüez this sixth day of April, 1920.—(sd.) Francisco Azuar, Clerk; By (sd.) Narciso Cuevas, Deputy Clerk."

Thereupon, by consent of the parties an order was entered providing that the conditional writ already issued and served would remain in force until April 22, 1920, on which date defendant was to appear and show cause in the event of failure to comply in the meantime with the provisions of such alternative writ. This order recited that the defendant stated orally at the hearing that Mateo Fajardo, who had been ordered to return the said books, would sail from the States on the 17th of April and would arrive on the 21st.

On April 22 the defendant filed the following motion:

"To the Honorable Court:—The defendant in the above entitled case, by his undersigned attorney, respectfully shows the court.—That he ratifies in all things the statements made in the affidavit, or rather, in the verified motion that he presented in the above entitled case on the 6th instant.—That subsequently to the 6th of the present month defendant wrote to Mateo Fajardo, who is in New York, asking him to send the books belonging to the Central

in his possession.—On the 9th instant Mateo Fajardo wrote me a letter stating that he had delivered the books to a friend who was to sail on the 'Coamo' Saturday so that he might bring them to me; but with such ill fortune that he was shortly thereafter informed that the books had not been taken. For a moment, he says in his letter, I feared that the books had gone astray.—Fortunately he was able to recover them and has them in his possession.—He states that he does not dare to send them and that he is holding them until he can bring them personally.—The defendant has obeyed the writ of mandamus and is prepared to obey it in all its parts, having placed at the disposal of Luis Fajardo, Boscana, and any persons accompanying them, the books of the corporation in the company's office, which are at his disposal and under his control.— Such books are those relating to *colonos,* mortgages, stock, transfers, canes, contracts and deeds and papers.—As to the books which Mateo Fajardo has in New York, he is unable to place the same at the disposal of Luis A. Fajardo, Boscana, and the persons who may accompany them, until he shall have received them.—Wherefore, for the foregoing reasons he prays the court to overrule the application for a writ of mandamus prayed for herein.—Mayagüez, P. R., April 22, 1920.—(Sd.) Alfredo Arnaldo, Attorney for the defendant.''

''I, Mateo Fajardo, Jr., of age, single, landowner, and resident of this city of Mayagüez, being duly sworn, depose and say:—That I am the person designated as the defendant in the foregoing motion; that I have read the said motion and that the facts set out therein are true and to me personally known.—(Sd.) M. Fajardo, Jr.''

''Subscribed and sworn to before me by Mateo Fajardo, Jr., of age, single, landowner and resident of this city, whom I personally know, and I attest that his personal conditions are as stated. Done at Mayagüez this 22nd day of April, 1920.—(Sd.) Francisco Azuar, Secretary, District Court,—By Narciso Cuevas, Deputy Secretary.''

At the hearing on the date last above mentioned the defendant also stated orally to the court that Mateo Fajardo had not arrived nor would he arrive on the steamer that was due on that date, but that the defendant believed that the said Fajardo would sail on the next boat, reaching the Island during the week following.

Thereupon the court issued a peremptory writ with costs to plaintiff and from this order the defendant appeals.

On May 1st the petitioner moved to dismiss the appeal as frivolous and taken solely for the purpose of delay and with a .view to obstructing the course of justice.

That motion was disposed of in an opinion dated May 28, 1920, and written by Mr. Justice del Toro. As stated therein, the respondent urged at that time that the appeal was not frivolous, at least, in so far as the question of costs was concerned, and this court, having some doubt on this point, declined to dismiss the appeal. Appellant now insists that the court erred, first in ordering respondent to permit the examination of books and documents not in his possession and second in imposing on defendant the payment of costs.

The theory of the first assignment is that the court should not have ordered the performance of a physical impossibility and that of the second assignment is that a defendant who acquiesces in and in so far as possible complies with a writ of mandamus and shows why he has not performed all that was commanded should not be adjudged to pay the costs.

The letter of March 29, *supra,* if true, clearly indicates that at the time the same was written the books were accessible. If the motion subscribed and sworn to by the defendant on April 6 is true, then at the time the letter last above mentioned was written the defendant and "all the other directors" who then decided to grant the request of the petitioner had already consented to the exportation and removal from the Island of. such books and knew that the same were not accessible at the time they resolved to acquiesce in the alternative writ.

Defendant made no effort whatsoever to explain this inconsistency and the court below was at liberty to decide whether the truth of the matter was contained in the letter written three days after service of the alternative writ or

in the motion filed more than ten days after such service. The motion of April 6 states under oath, without qualification or reserve, that Mateo Fajardo would sail on the 17th and would arrive on the 21st. The motion of April 22 mentions a letter written by Mateo Fajardo on April 9 containing the vague statement as to the delivery of the books to a friend who was to have sailed with the same, but for some unexplained reason left them behind. The letter was not attached to the motion nor offered in evidence. and the name of the delinquent friend, who apparently might have appeared and testified, was not even mentioned. An affidavit from Mateo Fajardo and another subscribed and sworn to by the mysterious friend setting forth the details of this curious incident would have been more to the point. It does appear that the missing books had been located and that the same were still in the possession of Mateo Fajardo. The only excuse offered for failure to forward the books in question by some other messenger is the hearsay statement in regard to the sudden timidity that Mateo Fajardo felt about taking this risk.

It is of course quite possible that all these statements are true and were made in perfect good faith, but the circumstances in which they were made demanded some explanation of the inconsistency first above mentioned and something much more definite as to details than the glittering generalities contained in the record. On the face of the showing made the court below had good ground to believe, and apparently it did believe, that the tactics adopted were dilatory and frivolous rather than indicative of any serious effort to obey the judicial mandate.

In the circumstances we are unable to say that the court below abused its discretion in the matter of costs.

If there be any real substantial reason why defendant has not heretofore complied with the peremptory writ, ample opportunity for a full disclosure in this regard may be had

under a rule to show cause why he should not be punished
for contempt.

The judgment appealed from must be

*Affirmed.*

Justices del Toro and Aldrey concurred.

Chief Justice Hernández and Justice Wolf took no part
in the decision of this case.